HENRY LEET *v.* WILLIAM R. SHEDD, L. D. HAZEN AND JOSEPH SMITH.

*Soldier's Bounty. Selectmen. Personal Obligation.*

A declaration by the selectmen, that if the plaintiff would enlist he should have as much bounty as the town should pay to any others on the quota pending, would not warrant the plaintiff in so relying upon it as a promise, in behalf of the town, as to make the selectmen personally liable thereon for having transcended their authority from the town, he knowing that they had no authority to make such promise.

But a promise personally by them to that effect would, if the plaintiff enlisted relying on it, be binding on them, and when evidence tends to show such promise the question should be submitted to the. jury.

ASSUMPSIT. Plea, the general issue. Trial by jury, January term, 1867, Orange county, STEELE, J., presiding.

The plaintiff, Henry Leet, enlisted and was mustered and credited to Newbury, and was paid by that town two hundred dollars, which was all the town had voted to pay recruits when he enlisted. The plaintiff's evidence tended to prove that he enlisted at a "war meeting" in Newbury, and the next day went to the town clerk's office by appointment with the selectmen, and the papers were there completed, and he was examined and sworn ; and his father, Charles Leet, there signed his consent to the enlistment. So far there was no contradiction to the plaintiff's claim. The testimony, on behalf of the plaintiff, tended to show and prove, that at this "war meeting" one Mr. Abbott, at the request of the chairman of the meeting and the selectmen, (who all sat on the platform together,) made proclamation that if the town paid more than $200 bounty to any men under that call they should to all alike. That the next day at the town clerk's the agreement of the night before was referred to and the plaintiff said "you remember your promise that we shall all share alike," and the selectmen bowed and said yes. All this the defendants denied and gave evidence to contradict. After this and at this time other enlistments were made until but four men were required to fill the quota, which was originally twenty-seven men. The town held a meeting legally warned, and authorized their select-

men to employ or enlist the four men required, and to use their discretion in paying them bounties. They enlisted four men as directed and paid three of them four hundred dollars each. The town did not give any authority to the selectmen to pay any others on their discretion, or to pay above $200. It was conceded that the plaintiff and his father knew of the extent of the defendants' authority, lived in Newbury, and were as well aware as the defendants of what the action of the town upon the subject of bounties had been. The court ruled that the defendants were not liable personally for having transcended their authority under the circumstances stated, and that the plaintiff could not recover; to which the plaintiff excepted. The plaintiff also claimed the right to go to the jury upon the ground that the defendants undertook personally to pay the plaintiff the sum claimed and procured the plaintiff to enlist upon their personal credit. The court ruled that the evidence did not tend to prove any such understanding; to which the plaintiff excepted. Upon this point the minutes of the presiding judge of the testimony on behalf of the plaintiff were referred to, and made a part of the bill of exceptions. The court directed a verdict for the defendants in accordance with the above rulings. Exceptions by the plaintiff.

The substance of the testimony on the part of the plaintiff, upon the point of the defendants' personal undertaking, was the testimony of one Abbott, who testified that at said war meeting the "selectmen said they wanted to raise the men with $200 bounty, but they would give in their $15 enlisting fee, and they would agree, if the town paid more to any, they should pay to all alike. This was publicly proclaimed in the meeting and fifteen there enlisted, including the plaintiff." Testimony of Charles Leet, brother of the plaintiff, that he was induced to enlist by said proclamation at said meeting; and that the next day at the town clerk's, when his father signed his consent, the defendants, Shedd and Hazen, told his father, "you need'nt have any trouble about it, the boys are going to share all alike; they shan't be wronged." "I said to the selectmen, as father was about to sign his consent, (the witness being under age,) 'you remember what you promised us boys, if any more bounty is paid we shall have as much, shall

we ?' and they said yes. It was talked at said war meeting that the quota could not be filled with a bounty of $200."

The plaintiff, Henry Leet, testified that the defendant Smith said before said war meeting that if he would enlist he should have as much as they paid any others, and said this to the plaintiff's father in reply to an objection he made to his sons enlisting then, that he thought the town would pay more bounty after a while; also testified to the same proclamation in said meeting, and that the next day at the town clerk's, the selectmen present " handed paper and pen to father to sign. He said ' shall I sign ?' Charles said ' yes, if the selectmen agree to pay us as much as any other man.' Father turned round and said ' yes, you do agree to pay my boys as much as any other man.' They all bowed their heads and said they did. Father signed."

There was some other testimony on this point, but the above will serve to illustrate its character.

*A. M. Dickey* and *B. F. Fifield*, for the plaintiff.

The evidence was that the defendants, who were selectmen, made the promise. It did not appear whether they contracted in their personal or official capacity. If they contracted in their individual capacity they were clearly liable. Whether they did or not should have been left to the jury on the evidence. *Ives* v. *Hulet*, 12 Vt., 314.

If they contracted in their official capacity and had no authority so to do, they bound themselves. The rule is if an agent fails to bind his principal he binds himself. Nor does it make any difference that the other contracting party knew of the want of authority of the agent. If the defendants assumed to act officially, knowing they had no authority, it was a wrongful act as matter of law. *Ives* v. *Hulet, ante; Paddock* v. *Kittridge*, 31 Vt., 378; *Polhill* v. *Walter*, 3 Barn. & Ald., 114; 1 Par. on Con., 54, 106.

*Leslie & Rogers* and *Washburn & Marsh*, for the defendants.

The selectmen, solely as public officers, were engaged in the transaction of public business. *Ogden* v. *Raymond*, 22 Conn., 379; *Johnson* v. *Smith et al.*, 21 Conn., 627 ; *Adams* v. *Whittlesey*, 3

Conn., 560; *Olney* v. *Wickes*, 18 Johns., 121. And therefore it is a presumption of law that they did not intend to contract personally, unless the fact of such intention is clearly shown. *Hodgson* v. *Dexter*, 1 Cranch, 105; (1 U. S. Cond. R., 329;) *Mackbeth* v. *Haldimand*, 1 T. R., 172; *Perry* v. *Hyde*, 10 Conn., 329. What was said by the selectmen was, at most, a mere assurance of confidence as to the future act of the town. Story on Agen., 343, 344. And the whole testimony tends to show only this. *Keate* v. *Temple*, 1 B. & P., 158; *Prosser* v. *Allen*, 5 E. C. L., 889; *Stone* v. *Huggins*, 28 Vt., 617; *Roberts* v. *Button et al.*, 14 Vt., 195; *Lewis* v. *Nicholson*, 12 E. L. and Eq., 430; *Abbey* v. *Chase*, 6 Cush., 56, 58; *Brown* v. *Rundlett*, 15 N. H., 363; *Olney* v. *Wickes*, 18 Johns., 121; *Johnson* v. *Smith*, 21 Conn., 627; *Adams* v. *Whittlesey*, 3 Conn., 560.

The plaintiff had full knowledge of the extent of the defendants' authority, as officers of the town; and the testimony has no tendency to prove any false affirmation or any suppression of material facts by the defendants, and therefore has no tendency to sustain this action against them. *Smout* v. *Ilbery*, 10 M. & W., 1, and cases above.

The plaintiff agreed to enlist and had enlisted for $200 bounty and $15 enlisting fee, to be paid by the town, and therefore any verbal promise made by the defendants would be auxiliary and within the statute of frauds. The contract would be entire and could not be split. The promise would be without consideration. *Sinclair* v. *Richardson*, 12 Vt., 33; *Keate* v. *Temple*, above cited.

Argued at the general term, 1867, and decided at the general term, 1869, when the opinion of the court was delivered by

PIERPOINT, C. J. The plaintiff in this case seeks to recover, 1st, on the ground that the defendants, in their character of selectmen of the town of Newbury, promised in behalf of said town that if the plaintiff would enlist as a soldier, under one of the calls for volunteers, and be set to the credit of said town, that he, the plaintiff, should be paid as large a bounty as the town paid to any other volunteer under that call, but that as the defendants had no authority from the town to make such promise, they failed to bind the town thereby, hence bound themselves personally.

We think it quite clear that upon the facts stated in the bill of exceptions, the county court were right in holding that the defendants did not make themselves personally liable in consequence of having transcended their authority from the town.

At the time the promise was made, both the plaintiff and the defendants well knew that the defendants had no authority from the town to make any such agreement, and if they had attempted to make any such promise, the plaintiff would not have been warranted in relying upon it; but it does not appear from the exceptions that the defendants undertook, in behalf of the town, to promise the plaintiff to pay him, in any contingency, any more bounty than he has already received. They made certain declarations upon the subject of bounty, but made no allusion to what the town would or would not do, and the plaintiff knowing, as the case finds, that the defendants had no authority from the town, had no right to understand therefrom that the defendants were attempting to bind the town by such declaration.

The war meeting referred to does not appear to have been called for the purpose of voting bounties or to consider that subject, but for the purpose of encouraging and promoting enlistments, and what may have been said at the meeting on the subject of bounties can have no effect upon the liability of the town, as it had no reference to it and could not have been so understood by the plaintiff.

The plaintiff claims, 2d, to recover on the ground that the defendants promised personally to pay him as a bounty a sum equal to the amount paid by the town as bounty to any other volunteer that enlisted under that call; and insisted on the trial below that his evidence tended to establish that fact, and that he had the right to go to the jury on the question. The county court ruled that the evidence had no tendency to prove the fact, and directed a verdict for the defendants.

Upon examining the evidence detailed in the exceptions, in connection with the judge's minutes of the testimony taken upon the trial, which are made a part of the exceptions in respect to this point, we think the evidence did tend to show a personal undertaking on the part of the defendants, and might have been so understood by the plaintiff. How the fact was, it was for the jury to

determine upon the whole case. What was said between the parties after the war meeting and at the time when the enlistment contract was completed, in view of the fact that both parties knew that the defendants had no authority to bind the town, might have been intended by the defendants as a personal undertaking by them, and have been so understood and relied upon by the plaintiff. The defendants it is true denied the testimony on the part of the plaintiff in this respect. . Which was right, was for the jury.

The fact that the enlistment contract was in writing, constitutes no obstacle to the proof of an agreement, such as the plaintiff claims, by parol. It constituted no part of the enlistment contract; that was with the government. This was between these parties, and if made would operate as an inducement to the plaintiff to enter into that contract, and if the plaintiff, relying on it, did enlist, that would constitute a sufficient consideration to support the promise of the defendants, even though they had no interest in the enlistment, personally, and derived no benefit from it; the plaintiff was prejudiced thereby and that is sufficient.

The judgment is reversed and case remanded.

